**WO** MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CV 13-8032-PCT-GMS (MEA) |
| Plaintiff, | CR 10-8001-PCT (GMS) |
| vs. | **ORDER** |
| Royce Paul Paddock, I, | |
| Defendant/Movant. | |

Movant Royce Paul Paddock, I, who is confined in the Federal Correctional Institution-Seagoville in Seagoville, Texas, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court will call for an answer to the § 2255 Motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to CIR Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 1153, 113(a)(6), and 3559(f)(3). On June 1, 2012, the Court sentenced Movant to a 240-month term of imprisonment followed by 5 years on supervised release.

**II.   Section 2255 Motion**

In the § 2255 Motion, Movant alleges three grounds for relief. In Ground One, Movant claims his conviction was "obtained by plea of guilty which was unlawfully induced and not made voluntarily, without fully understanding of the nature of the charge and the consequences of the plea" in violation of his Fifth and Fourteenth Amendment

rights to due process. In Ground Two, Movant alleges that the "Federal Public Defender rendered guilty plea involuntarily, unintelligently, and unknowing[ly] made. Failed to inform true [] information of nature and cause of accusation the essential elements of offense of each count charged of the 6th Amend of U.S. Constitution violated sentence exceeding general statutory maximum, violated right to jury trial." In Ground Three, he claims he is actually innocent of the charges.

The Court will require a response to the § 2255 Motion.

### III. Warnings

#### A. Address Changes

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that Movant files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

#### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the § 2255 Motion (Doc. 1 in CV 13-8032-PCT-GMS (MEA)) and this Order on the United States Attorney for the District of Arizona.

TERMPSREF

(2) The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(4) Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

(5) The matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 27th day of March, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge

**TERMPSREF**