**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | CR 10-08001 PCT GMS |
| v. ) | CV 13-08032 PCT GMS MEA |
| ) | |
| Royce Paul Paddock, ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendant/Movant. ) | |
| _____) | |

**TO THE HONORABLE G. MURRAY SNOW:**

On February 8, 2013, Mr. Royce Paddock ("Movant"), filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On September 6, 2013, Respondent filed a Government's Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") (Doc. 13). Movant filed a reply (Doc. 15) to the response to his motion, which reply is styled as a motion seeking to vacate his guilty plea, on October 2, 3013.

**I Procedural History**

A redacted criminal complaint docketed December 14, 2009, alleged that, on December 5, 2009, on the Navajo Indian Reservation, Movant "did assault Jane Doe 1 (a 5 year old Indian female child) resulting in serious bodily injury." Criminal

Doc. 1. Movant is an enrolled member of the Navajo Nation. See Answer, Exh. A. On December 17, 2009, Movant was ordered detained pending trial. See Criminal Doc. 18.

On January 12, 2010, a grand jury returned an indictment charging Movant and a co-defendant with eight counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and six counts of child abuse, a violation of 18 U.S.C. § 1153 and Arizona Revised Statutes 13-3623(A)(1). See Criminal Doc. 29. The indictment alleged Movant did "willfully and recklessly assault Jane Doe, a minor Indian child..." Id. A redacted information docketed March 2, 2009, charged Movant, "an Indian", did recklessly and willfully assault a "minor Indian child", resulting in serious bodily injury. Criminal Doc. 161.

On March 2, 2012, pursuant to a written plea agreement, Movant entered a plea of guilty to "to Count 1 the Infomation charging the defendant with a violation of Title 18U.S.C.1153, 113(a)(6) and 3559(f)(3) CIR-Assault Resulting in Serious Bodily Injury, a class A felony offense". Criminal Doc. 163 & 164 & 186. The plea agreement provided Movant would be subject to a sentence of between ten and twenty years imprisonment. Criminal Doc. 186 at 2. In the plea agreement Movant specifically waived his rights to appeal and to collaterally attack his conviction or sentence. Id. at 3.

On June 1, 2012, Movant was sentenced to a term of twenty years imprisonment. Criminal Doc. 185.

In his section 2255 motion, Movant asks the Court to set aside his guilty plea and asks to be resentenced to time served under a lesser included offense of the Navajo Nation. Movant contends his guilty plea was not knowingly and voluntarily made and that his counsel failed to explain the essential elements of the offense to Movant. Movant also asserts that he is "actually innocent" of the crimes of conviction.

Respondents contend Movant's plea was knowing and voluntary:

> The Petitioner stated that he understood the elements of the charged offense and his right to trial. (Exhibit C p. 13.) Counsel on at least four separate occasions reviewed the elements of the offense with the defendant, including just prior to the change of plea. (Exhibit B ¶¶ 3, 7, 9, 11 and 14.) Finally, the Court discussed the facts of the case supporting his plea of guilty taken from the plea agreement.

Doc. 13 at 6.

In reply to Respondent's answer to his motion, Movant contends that he was improperly convicted because "there is no federal crime alleged in the information." Doc. 15. Movant contends that the victim's status as an Indian was not alleged in the information underpinning his conviction. Movant contends he did not understand the nature of the charge against him. Movant asserts: "Without the child Indian status there is no commission of a federal offense" and he argues this requires invalidation of his guilty plea and conviction. Id.

-3-

**II Analysis**

**Waiver of the right to a collateral attack**

Respondent asserts that this section 225 action must be dismissed because Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement. The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence, including a section 2255 suit, if the sentence imposed was consistent with the written terms of the agreement. The sentence imposed on Movant was consistent with the terms of the plea agreement. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

-4-

A defendant's waiver of his right to a direct appeal and a section 2255 action is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and the waiver is knowingly and voluntarily made. See United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005). However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005). See also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in a plea agreement if the agreement was involuntary or unknowing or where the agreement was otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001)("[A] waiver of appeal may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary."); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

Movant asserts his counsel did not understand the essential elements of the crime of conviction. See Doc. 1 & Doc. 4. Movant contends that he did not have an intent to harm the victim and, accordingly, that he is actually innocent of the crime of conviction and that his counsel erred by not realizing that Movant was innocent because he lacked intent. Movant asserts he never admitted the elements of the crime of conviction. See Doc. 1.

-5-

During the plea colloquy, Movant acknowledged that he had completed schooling beyond high school and that he was not under the influence of any medication. Doc. 13, Exh. C at 5. His counsel advised the court that there were no current issues with competency. Id., Exh. C at 6.[1] Movant admitted that he had read the plea agreement, that he understood the agreement, that he had sufficient time to discuss it with his attorney, that no one forced him into the agreement, and that he understood the charge against him. Id., Exh. C at 6-7. Movant also averred, under oath, that he was pleading guilty voluntarily because he was guilty of the crime. Id., Exh. C at 8.

Movant alleges that, at the time he entered into the plea agreement, he believed that the potential maximum sentence was ten years imprisonment. This contention is belied by the record, including the transcript of the plea colloquy and the written plea agreement. See id., Exh. A. at 1 & Exh. B & Exh.

---

[1] On April 9, 2010, the Court granted Movant's amended motion seeking a competency evaluation. See Criminal Doc. 68. On December 9, 2010, Movant was found incompetent and ordered into the custody of the Attorney General:
> to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; to determine if defendant is competent to stand trail; and (2) for an additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the court finds that there is substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or (B) the pending charges against him are disposed of according to law

Criminal Doc. 114. On August 25, 2011, the Court, having been notified that competency had been restored, ordered Movant returned to the District of Arizona. See Criminal Doc. 133.

C at 8.

> THE COURT: This crime carries a maximum prison term of – I'm sorry, a minimum prison term of 10 years and maximum of life imprisonment, fine of up to $250,000 could be imposed, and a term of supervised release would follow any term of imprisonment and that term would be five years..... Do you understand the penalty for this offense?
> THE DEFENDANT: Yes.

Id., Exh. C at 8-9).

> THE COURT: and it looks like you have a sentencing agreement with the Government. Contained within your plea agreement and that the sentencing agreement is that you will be sentenced to somewhere between 10 and 20 years in prison followed by a five-year term of supervised release. Do you understand this agreement?
> THE DEFENDANT: Yes.

Id., Exh. C at 10.

The Court then explained to Movant that he had the right to jury trial, to be represented by an attorney, and that the government would have to prove all of the elements of the offense beyond a reasonable doubt. (Exhibit C p. 12-13.) Movant allowed that he was satisfied with his counsel's representation. Id., Exh. C at 12. The Court delineated for Movant the elements of the offense as described in the plea agreement:

> THE COURT: The government would have to prove that on or about the date set forth in the information, that you willfully and recklessly assaulted Jane Doe, a child; that said assault resulted in serious bodily injury to Jane Doe; that the offense was committed in Indian country; that you are an enrolled member of an Indian tribe and that this happened in the District of Arizona.

Id., Exh. C at 13. The Court also ascertained that there was a factual basis for Movant's guilty plea. Id., Exh. C at 15.

-7-

Movant acknowledged that he had kicked the victim intentionally, but stated that he had not intended to injure her although he acknowledge the kick broke the victim's femur. Id., Exh. C at 15-17.

At a sentencing hearing conducted June 1, 2012, the Court reminded Movant that his plea agreement stipulated a sentence of between 10 and 20 years and that his crime carried a statutory minimum of 120 months. Id., Exh. D at 3-5. Movant acknowledge the potential sentence. Id., Exh. D at 3-5.

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences [of a plea agreement]."). Additionally, because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was

-8-

Movant's voluntary waiver of his right to collaterally attack his sentence.

To the extent Movant contends that, because he did not intend to injure his victim when he kicked her, the absence of a specific intent to injure does not render him "actually innocent" of the crime of conviction because assault resulting in serious bodily injury is a general intent crime. See, e.g., United States v. Fitzgerald, 882 F.2d 397, 399 (9th Cir. 1989). Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

**Movant's ineffective assistance of counsel claim**

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). See also United States v. Thomas, 417 F. 3d 1053, 1056 (9th Cir. 2005).

The Sixth Amendment entitles a criminal defendant to "a reasonably competent attorney, whose advice is within the range

-9-

of competence demanded of attorneys in criminal cases." United States v. Cronic, 466 U.S. 648, 655, 104 S. Ct. 2039, 2044-45 (1984) (internal quotations omitted).  In order to find that Movant was deprived of the effective assistance of counsel and grant him relief on this claim pursuant to section 2255 the Court must conclude counsel's performance was deficient and that the deficient performance prejudiced Movant.  See United States v. Withers, 638 F.3d 1055, 1066-67 (9th Cir. 2011).  Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel's representation was unconstitutionally ineffective.  Id.  In the context of a defendant who pleads guilty, to be entitled to relief, the movant must establish that, but for his counsel's allegedly deficient performance, the movant would have chosen not to plead guilty but to proceed to trial.  See, e.g., Bethel v. United States, 458 F.3d 711, 718 (9th Cir. 2006).

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687, 104 S. Ct. at 2054.  Judicial scrutiny of counsel's performance must be "highly deferential."  Id., 466 U.S. at 689, 104 S. Ct. at 2065.  See also Carter v. Lee, 283 F.3d 240, 248-49 (4th Cir. 2002).  Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance.  See United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

Movant has not established that his counsel's advice with regard to the potential sentence he faced if he accepted the plea was unconstitutionally deficient or prejudicial. Even if his counsel did not inform Movant that he was likely to receive the maximum sentence allowed pursuant to the plea agreement, "[t]o establish a claim of ineffective assistance of counsel based on alleged erroneous advice regarding a guilty plea, a petitioner must demonstrate more than a 'mere inaccurate prediction.'" Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004), quoting Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir. 1986). Defense counsel's alleged erroneous predictions as to the likely sentence following a guilty plea, "are deficient only if they constitute 'gross mischaracterization of the likely outcome' of a plea bargain 'combined with ... erroneous advice on the probable effects of going to trial.'" Id., quoting United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990). Furthermore, if the defendant was informed prior to entering his guilty plea of the potential sentence he could receive, he cannot establish prejudice from counsel's incorrect prediction as to his sentence. See Womack v. Del Papa, 497 F.3d 998, 1003-4 (9th Cir. 2007). See also United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (finding that an inaccurate sentence prediction was not prejudicial).

The Ninth Circuit Court of Appeals has held that, in the context of a defendant who pleads guilty, an attorney's performance may only deemed unconstitutionally deficient when counsel "grossly" mischaracterizes the likely sentence to be received when counseling the defendant to plead guilty. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). In cases where the Ninth Circuit has found gross mischaracterization the sentence received by the defendant was of a different order of magnitude than what Movant asserts in this matter as constituting counsel's deficient performance. Compare Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir. 1994), superseded by statute on other grounds as stated in Morris v. Woodford, 229 F.3d 775, 779 (9th Cir. 2000) (three months predicted; ten years imposed); Iaea, 800 F.2d at 865.

**IT IS THEREFORE RECOMMENDED** that Mr. Paddock's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter,

the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 7th day of October, 2013.

_____
Mark E. Aspey
United States Magistrate Judge